UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

ADAM FIELD,

Defendant.

---

18-CR-426 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On April 14, 2020, Defendant Adam Field filed a motion for release under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), arguing that the risks created by the COVID-19 pandemic and by the conditions at FCI Danbury, where he is incarcerated, justify his immediate release. The Court has reviewed the parties' written submissions on Defendant's motion, which the Government has opposed. (*See* Dkt. Nos. 29, 30, 31, 32, 33.)

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). A district court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

1

The Court agrees with the Government that the Court lacks statutory authority to grant Defendant's motion at the present time due to the statute's explicit exhaustion requirement. As a legal matter, the Court finds persuasive the analyses by Judge Furman in *United States v. Roberts*, No. 18 Cr. 528, 20 WL 1700032, at *2–*3 (S.D.N.Y. April 8, 2020), and Judge Sullivan in *United States v. Ogarro*, No. 18 Cr. 373, 20 WL 1876300, at *2–*5 (S.D.N.Y. April 14, 2020). Defendant filed his request for release with the warden of his BOP facility on April 6, 2020. Absent a decision by the BOP, therefore, this Court may not order Defendant's release until May 6, 2020.

However, the Court recommends that the BOP favorably consider Defendant's request for compassionate release. Defendant has served over ten months of his sentence, and his projected release date is December 11, 2020. He is a nonviolent, first-time offender, and the Court does not believe he poses a danger to society. In ordinary circumstances, he likely would be eligible for release to a residential reentry center in the near future. Finally, at the time of his sentencing, Defendant had a body-mass index of 36.9, making him obese — a condition that presents an increased health risk from COVID-19 infection. (*See* Dkt. No. 33 at 1 – 2 (citing sources).) Accordingly, the Court believes that his release to home confinement for a period of eight months, as proposed by Defendant, together with the other conditions of supervised released imposed by the Court, would be justified under the circumstances and would sufficiently serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The Court directs the Government to inform the Court by April 30, 2020, of the actions taken by BOP in response to Defendant's request for release and this Order.

SO ORDERED.

Dated: April 20, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge